UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )   CRIMINAL NO. 2:05-CR-86-DBH-01 |
| | ) |
| DANIEL LAPIERRE, | ) |
| | ) |
| DEFENDANT | ) |

## PROCEDURAL ORDER

The defendant has moved to modify his sentence under 18 U.S.C. § 3582(c)(2).[1] Def's Mot. to Modify Term of Imprisonment at 1 (ECF No. 440). During his sentence he apparently was transferred to Canada and "is currently under supervision [in Canada] on Full Parole (FP) status, which means that he is serving the remainder of his sentence in the community until his Warrant Expiration Date (WED)." Gov't's Obj. to Def.'s Mot. (ECF No. 441). The government has objected to his motion on the ground that he is ineligible for a reduction because he is "no longer serving a term of imprisonment." Id. at 1.

At oral argument, I want the parties to address the following issues:

1.  The pertinent United States Sentencing Commission Guideline states in part: "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Federal Sentencing

---

[1] Section 3582(c)(2) of Title 18 of the United States Code states:
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Guidelines Manual § 1B1.10(b)(2)(C). I observe that one Canadian statute provides: "An offender who is released on parole, statutory release, or unescorted temporary absence continues, while entitled to be at large, to serve the sentence until its expiration according to law." Corrections and Conditional Release Act, R.S.C. 2015, c. 20, s. 128. Does that provision apply to this defendant? If it does apply, what is its impact? Whether or not that provision applies, what treaties and/or Canadian laws do apply (and what is their language)?

2.     Does the D.C. Circuit decision in United States v. Epps, 707 F.3d 337 (D.C. Cir. 2013), have any bearing? Epps stated that a defendant's appeal is not mooted by the completion of his prison term when a reduction in his sentence length could potentially alter the length of his supervised release. Id. at 345. See also United States v. Blewett, 746 F.3d 647, 663-64 (6th Cir. 2013) (Moore, J., concurring) (noting that although the Guideline bars a district court from reducing a sentence below a term of imprisonment "already served," "an appeal is not entirely moot so long as the appeal potentially implicates the length of the [defendant's] supervised release term" (quotation marks omitted)). Given the transfer to Canada and his treatment there, what is the status and effect of the supervised release term that I originally imposed on the defendant?

SO ORDERED.

DATED THIS 4TH DAY OF JANUARY, 2016

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2